THOMAS, Justice.
The appellant and appellee, husband and wife, executed a purchase-money mortgage, both signing the note which it secured. Subsequently the mortgagees sold and assigned the note and mortgage to the wife, appellant, who brought suit to foreclose against the appellee, her husband.
The husband moved to dismiss on the lone ground that no cause of action had been stated and the chancellor concluding that the wife by the purchase had simply paid the debt, since she was “one of the makers of the note and the mortgage and personally liable,” dismissed the bill with prejudice.
The appellant presents here a question based on the premise that the title to the property on which the mortgage was given was taken by the husband “In His Own Name Only” and argues that the wife was an accommodation party, surety for the husband, and entitled to recover from him the amount she paid.
We do not feel obliged to give appellant an answer because we cannot construe the allegations as support for appellant’s premise unless we indulge her a presumption to which she is not as a pleader entitled. Evidently she thinks that an averment in the complaint that the mortgage was given on property “then in the possession of James E. Brocato * * * and to which he claimed the fee simple title” is synonymous with the statement in the brief that “the defendant, James E. Brocato, took title in his own name.” We cannot agree, especially as the allegation is preceded by one that the two persons “being indebted [to the mortgagees] for the purchase of the * * * property * * * executed and *59 delivered their promissory note” for a certain amount and “thereby promised to pay” the debt.
We do not wish to appear hypertechnical but if the bill is construed against the plead•er, we come to the conclusion that man and wife bought a tract of land, received a deed to it, owed part of the purchase price and .gave a mortgage to secure their debt. This is a factual situation far different from one where a man purchases and gives a purchase-money mortgage which the wife need not sign. In the first instance, which we think is the one presented here, the wife could not enforce a mortgage signed by her on property she and her husband held in an estate by the entirety.
We have been shown no reason to disturb the decree so it is
Affirmed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.